RECEIVED
JAN 2 0 2008
OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS

FILED
U.S. DISTRICT COURT
2009 JAN 26  P 2: 39

BY: _____ DEPUTY CLERK

Richard F. Ensor (10877)
YOUNG, HOFFMAN, STRASSBERG & ENSOR, LLP
170 S. Main Street, Suite 1125
Salt Lake City, Utah 84101
(801) 359-1900

Dawn E. McFadden (*pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939

Counsel for Defendant Experian Information Solutions, Inc.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RAY BIRMINGHAM,<br><br>      *Plaintiff*,<br><br>v.<br><br>EQUIFAX, INC.; et al.,<br><br>      *Defendants.* | Civil No. 2:06-cv-00702 BSJ<br><br>**Judge Bruce S. Jenkins** |

### [ ] ORDER GRANTING EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

On January 9, 2009, the Court heard oral arguments on the motion of Experian Information Solutions, Inc., ("Experian") for summary judgment (Doc. 79.) After reviewing the pleadings filed in connection with the motion[1] and considering the arguments of both parties, the Court grants Experian's Motion for Summary Judgment.

---

[1] Experian's Motion for Summary Judgment (Doc. No. 79), Experian's Memorandum in Support of its Motion for Summary Judgment (Doc. No. 80), Plaintiff's Opposition to Defendant [Experian]'s Motion for Summary Judgment (Doc. No. 116), and Experian's Reply in Support of its Motion for Summary Judgment (Doc. No. 138).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, where there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Experian moved for summary judgment as to each of Plaintiff's claims and the Court orders as follows:

(1) Experian is entitled to judgment as a matter of law on Plaintiff's Second and Third Causes of Action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Plaintiff failed to show a triable issue of material fact regarding allegations that Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). Additionally, Experian had no duty to reinvestigate when Plaintiff failed to provide sufficient identification to initiate a reinvestigation. *See Anderson v. Trans Union*, 405 F. Supp. 2d 977, 983 (W.D. Wis. 2005) (granting summary judgment where plaintiff failed to provide sufficient identification); *Sarver v. Experian Info. Solutions, Inc.*, 299 F. Supp. 2d 875, 877 (N.D. Ill. 2004) (finding credit reporting agency's request for additional information where plaintiff had provided his full name and address but had failed to include his Social Security number in his dispute was reasonable as a matter of law).

(2) Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action for Negligence, Defamation, and Invasion of Privacy fail as a matter of law because they are preempted by the FCRA and because Plaintiff has failed to provide evidence that Experian acted with malice or willful intent to injure Plaintiff. 15 U.S.C. § 1681h(e); *see also Cousin v. Trans Union Corp.*, 246 F.3d 359, 375-76 (5th Cir. 2001); *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 833-34 (E.D.N.Y. 1994).

(3) Plaintiff's Eighth Cause of Action for Injunctive Relief requiring Experian to reinvestigate and correct the disputed information fails as a matter of law because injunctions are not available to consumers under the FCRA, *Washington v. CSC Credit Serv. Inc.*, 199 F. 3d 263, 268 (5th Cir. 2000) (holding that Congress vested the power to obtain injunctive relief as to the FCRA solely with the FTC), and because the claim is moot as Experian is no longer reporting the disputed accounts on Plaintiff's credit report.

(4) Plaintiff's Ninth Cause of Action for violation of the Utah Consumer Sale Practices Act ("UCSPA") fails as a matter of law because Plaintiff has produced no evidence that Experian's actions violated the UCSPA; Utah Code Ann. § 13-11-4.

(5) All of Plaintiff's claims fail as a matter of law because Plaintiff has failed to provide evidence (a) that he suffered any damages or (b) that that Experian caused his alleged damages. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) (requiring a showing of damages to sustain Plaintiff's claim under Section 1681e(b)); *Cahlin*, 936 F.2d at 1160 (affirming summary judgment for defendant on FCRA claim because plaintiff "utterly failed to produce any evidence tending to show that he was damaged" by an inaccurate credit report); *Casella v. Equifax Credit Info. Serv.*, 56 F.3d 469, 475 (2d Cir. 1995) (affirming summary judgment in Section 1681i case in part because plaintiff failed to prove causation).

(6) Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff failed to provide evidence that Experian acted willfully or with reckless disregard of Plaintiff's rights and he is therefore not entitled to punitive damages. *See Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2215-16 (2007).

For the foregoing reasons, it is hereby DECREED, ADJUDGED and ORDERED, that Plaintiff's Amend Complaint is therefore dismissed as to all counts against Experian Information Solutions, Inc., with prejudice.

Dated this **26** day of January 2009.

BY THE COURT

_____
Honorable Bruce S. Jenkins
United States District Court Judge