David L. Arrington (4267)
Steve K. Gordon (5958)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
(801) 415-3000
(801) 415-3500 fax

FILED
U.S. DISTRICT COURT

2009 JUN 22 P 4: 02

**RECEIVED** DISTRICT OF UTAH

JUN 1 8 2009 BY:_____
DEPUTY CLERK

**OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS**

Attorneys for Cellular Inc. Network Corporation; Utah RSA 6 Limited Partnership; Verizon
Wireless Power Partners, Inc.; Wasatch Utah RSA No. 2 Limited Partnership; Verizon Wireless
Utah, LLC; and Verizon Wireless (VAW), LLC

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| RAY BIRMINGHAM, | ORDER: (1) DENYING PLAINTIFF'S MOTION TO AMEND; AND (2) OF DISMISSAL WITH PREJUDICE |
| Plaintiff, | |
| vs. | Case No. 2:06-cv-00702 BSJ |
| EQUIFAX, INC., et al., | Judge Bruce S. Jenkins |
| Defendants. | |

---

A Final Pretrial Conference was held in this matter on April 28, 2009, at 1:30 p.m.

Plaintiff Ray Birmingham ("Birmingham") was represented by Ronald Ady. Defendants Cellular

Inc. Network Corporation; Utah RSA 6 Limited Partnership; Verizon Wireless Power Partners,

Inc.; Wasatch Utah RSA No. 2 Limited Partnership; Verizon Wireless Utah, LLC; Verizon

Wireless (VAW), LLC (collectively "defendants") were represented by Steve K. Gordon of

SLC_381933.1

Durham Jones & Pinegar. Counsel and the Court discussed several pending matters, including whether the proper parties were before the Court. After considering the argument made and evidence submitted by counsel, the Court: (1) found that the proper defendant in this case is Cellco Partnership, dba Verizon Wireless ("Cellco"); (2) found that Cellco had never been named a defendant in this action or properly served with process; and (3) ruled that this matter should be dismissed.

Thereafter, defendants' counsel prepared a proposed order and circulated to Birmingham's counsel for review and comment. On May 18, 2009, Birmingham's counsel filed an objection to the proposed order (the "Objection"). See Docket No. 172. On that same date, defendants' counsel filed a response to the Objection. See Docket No. 173. On June 5, 2009, Birmingham's counsel filed a reply memorandum supporting the Objection. See Docket No. 182.

On June 5, 2009, the Court held a hearing regarding the Objection. After considering documents filed in connection with the Objection, and the arguments of counsel, the Court hereby overrules the Objection and finds as follows:

1.      On August 23, 2006, Birmingham filed his Complaint. See Docket No. 1.

2.      On December 20, 2006, Birmingham filed his Amended Complaint. See Docket No. 2.

3.      On July 25, 2008, Birmingham's counsel: (a) acknowledged that Cellco is the entity that should have been named as a defendant; and (b) sent defendants' counsel a proposed

2

SLC_381933.1

stipulation regarding adding Cellco as a defendant. See Exhibit A.

4.  On July 28, 2008, defendants' counsel informed Birmingham's counsel that he would stipulate to Cellco being added as a defendant only if defendants were dismissed. See Exhibit B.

5.  Between July 28, 2008 and August 6, 2008, counsel had further discussions regarding adding Cellco as a defendant. On August 6, 2008, defendants' counsel: (a) reiterated that he would stipulate to Cellco being added as a defendant only if defendants were dismissed; and (b) sent Birmingham's counsel a Stipulation to Amend Complaint and for Dismissal Without Prejudice (the "Stipulation"), and an Order of Dismissal Without Prejudice (the "Order"). See Exhibit C.

6.  Between August 6, 2008 and August 8, 2008, counsel had further discussions regarding adding Cellco as a defendant. See Exhibit D.

7.  On August 8, 2008, defendants' counsel asked Birmingham's counsel if he could file the Stipulation and Order. See Exhibit E.

8.  Thereafter on August 8, 2008, Birmingham's counsel requested additional conditions to the Stipulation. See Exhibit F.

9.  Later on August 8, 2008, defendants' counsel informed Birmingham's counsel that the additional conditions were not acceptable. See Exhibit G.

10.  On August 11, 2008, defendants' counsel: (a) reiterated to Birmingham's counsel that the additional conditions were not acceptable; (b) stated that he was still willing to agree to

3

the Stipulation; and (c) made it clear that if Birmingham's counsel insisted on the additional

conditions, there was no stipulation regarding adding Cellco as a defendant. See Exhibit H.

11.     Birmingham's counsel did not file a motion to add Cellco as a defendant until he

filed his Motion to Amend (the "Motion") at approximately 1:16 p.m. on April 28, 2009; 14

minutes before the Final Pretrial Conference. See Docket No. 168.

12.     At the Final Pretrial Conference and at the hearing regarding the Objection,

counsel acknowledged that: (a) Cellco was the entity that engaged in the alleged conduct giving

rise to Bingham's Amended Complaint; and (b) therefore, Cellco is the entity that should have

been named as a defendant.

Based on the foregoing, the Court concludes that: (a) Birmingham's counsel was made

aware, in a reasonably timely manner, that Cellco was the proper defendant; (b) Birmingham's

counsel had sufficient opportunity to file the Motion prior to the Final Pretrial Conference, and

nothing precluded him from doing so; (c) Birmingham's counsel did not file the Motion until

April 28, 2009; the day of the Final Pretrial Conference; (d) there was no justification for

Birmingham's counsel to wait until the day of the Final Pretrial Conference to file the Motion;

(e) therefore, the Motion was not timely filed; and (f) defendants would be prejudiced if the

Court were to grant the Motion.  Accordingly, the Court hereby denies the Motion.

The Court also concludes that: (a) Cellco should have been named as the defendant in this

action; (b) prior to the Final Pretrial Conference, Cellco was not named as a defendant or served

with process; and, (c) as a result, as of the date and time of the Final Pretrial Conference, Cellco

SLC_381933.1

was not a party to this matter. Accordingly, the Court hereby dismisses this matter without

prejudice.

Dated _June 22_ ____, 2009

BY THE COURT

Honorable Bruce S. Jenkins
United States District Court Judge

Approved as to form

_____

Ronald Ady
Attorney for Plaintiff

5

## **CERTIFICATE OF SERVICE**

I certify that on June 5, 2009, a copy of the foregoing was served by email and hand-delivery on:

> Ronald W. Ady
> 8 East Broadway, Suite 710
> Salt Lake City, Utah  84111

/s/ Steve K. Gordon

SLC_381933.1

6